STEVE QUACCI, PROSECUTOR, v. CITY OF UNION CITY AND THE RECORDER'S COURT OF THE CITY OF UNION CITY, RESPONDENTS.

Submitted May term, 1932—Decided October 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE and DONGES.

For the respondents, *Fred Eichman.*

For the prosecutor, *A. Michael Lepore (John W. Ockford,* of counsel.)

PER CURIAM.

The writ brings before us a conviction for a violation of an ordinance of Union City regulating the slaughtering of poultry. The ordinance was adopted August 6th, 1928, by the then board of health. Some years later, the city adopted the Walsh act providing for commission government. Section 8 of that act, as amended (*Pamph. L.* 1912, *p.* 643), provides: "All cities adopting the provisions of this act shall be and are hereby vested with the general powers and authority to enact and enforce * * * all ordinances necessary for the protection of life, health and property. * * * All ordinances or resolutions heretofore passed in any such cities, not inconsistent with the rights and powers herein granted shall remain in full force and effect until altered or repealed by the commissioners in the manner herein provided."

*Pamph. L.* 1913, *p.* 581, provides: "Whenever the provisions of the act to which this act is supplemental have been adopted by any municipality, either prior or subsequent to the passage of this act, all boards and bodies whether state or local municipal agencies, then existing in such municipality (except the board of education and the District Court or Courts), shall be *ipso facto* abolished, and all the powers and duties devolved by law upon such boards and bodies shall pass to, vest in and be performed by the board of commissioners elected under the provisions of the act to which this act is supplemental." Section 3 of this act reads: "The board of commissioners shall have, possess and exercise all the power that shall be granted to the boards and bodies supplanted by it, by laws enacted subsequently to the organization of said board, unless such power shall be expressly withheld."

We think that the ordinances of the board of health were continued by the express provisions of the *Pamph. L.* 1912 quoted, and that the power to enforce them was, by the enactment of 1913, vested in the board of commissioners chosen after commission government was adopted.

The ordinance of the old board of health was an ordinance

passed in Union City and, as such, it was continued by the Walsh act. The enforcement of the ordinance was vested in the board of commissioners when the board of health was abolished by the adoption of commission government. To construe the legislative language otherwise would leave a city adopting commission government without health ordinances until new ones were adopted. Such view seems contrary to the expressed legislative intention, which appears to have been to hold old ordinances until new ones were adopted, and to vest the enforcement thereof in the city commission.

The writ will be dismissed, with costs.